**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MATTCO INDUSTRIAL PRODUCTS, LLC, a North Carolina limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| LTA DISTRIBUTING, LLC, a Delaware limited liability company, | ) ) ) | |
| _____ Defendant. _____ | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Mattco Industrial Products, LLC ("Plaintiff" or "Mattco"), through its undersigned attorneys, files this Complaint against Defendant LTA Distributing, LLC ("Defendant" or "Defendant LTA") and states and alleges as follows:

## THE PARTIES

1.      Mattco is a limited liability company organized under the laws of the State of North Carolina, having its principal place of business located at 6277 Denver Industrial Park Road, Denver, NC 28037.

2.      Defendant LTA is a limited liability company organized under the laws of the State of Delaware, having its principal place of business located at 34267 Pear Tree Drive, Millsboro, DE 19966.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

4.      This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      On information and belief, jurisdiction and venue for this action are proper in the District of Delaware.

6.      This court has personal jurisdiction over Defendant LTA because Defendant LTA has purposefully availed itself of the rights and benefits of the laws of Delaware and this District. Defendant LTA is a domestic company organized under the laws of the State of Delaware.

7.      Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because events giving rise to the claims asserted herein occurred in this District, Defendant LTA has committed acts of infringement in this District, and Defendant LTA has a regular and established place of business in this District.

8.      Injunctive relief is authorized by 35 U.S.C. § 283.

## BACKGROUND

9.      Mattco has been in business since 2005.

10.     Mattco is a supplier of products in the poultry processing industry, including an innovative poultry defeathering device that facilitates removal and replacement of fingers used by the device.

11.     Mattco's business is protected by three or more patents.

12.     United States Patent No. 10,785,988 ("the '988 Patent"), entitled "Poultry Defeathering Apparatus," was duly and legally issued on September 29, 2020.  A true and correct copy of the '988 Patent is attached as **Exhibit A**.

13.     The '988 Patent claims, among other things, a method of changing out a finger on a poultry defeathering apparatus of specified structures.

14.     Mattco owns all right, title, and interest in the '988 Patent.

15.     The '988 Patent is valid and enforceable.

16.     United States Patent No. 11,432,556 ("the '556 Patent"), entitled "Poultry Defeathering Apparatus," was duly issued on September 6, 2022.  A true and correct copy of the '556 Patent is attached as **Exhibit B**.

17.     The '556 Patent claims, among other things, a poultry defeathering apparatus of specified structures.

18.     Mattco owns all right, title, and interest in the '556 Patent.

19.     The '556 Patent is valid and enforceable.

20.     United States Patent No. 12,167,735 ("the '735 Patent"), entitled "Poultry Defeathering Apparatus," was duly issued on December 17, 2024.  A true and correct copy of the '735 Patent is attached as **Exhibit C**.

21.     The '735 Patent claims, among other things, a poultry defeathering apparatus of specified structures.

22.     Mattco owns all right, title, and interest in the '735 Patent.

23.     The '735 Patent is valid and enforceable.

24.     On information and belief, at some time before February 14, 2024, Defendant LTA made, used, sold, and offered to sell poultry defeathering apparatuses utilizing the apparatuses claimed in the '556 and '735 Patents (the "Infringing Products") and performing the processes claimed in the '988 Patent (the "Infringing Processes").

25.     On February 14, 2024, Defendant LTA uploaded a video to YouTube demonstrating its use of Infringing Products and performance of Infringing Processes.  Defendant LTA operates a website that refers to Infringing Products as "quick finger change plates" and includes a link to the demonstrative YouTube video: https://www.ltadistributing.com/videos.html.

26.     On information and belief, Defendant LTA has directly and indirectly infringed and continues to directly and indirectly infringe the '988 Patent by performing Infringing Processes in the United States that embody or use the inventions claimed in the '988 Patent, by encouraging others to performing Infringing Processes in the United States, and by providing to others apparatuses that have no substantial non-infringing use.  As set forth in the claim chart attached as **Exhibit D**, the demonstrative YouTube video referenced on Defendant LTA's website shows a user performing Infringing Processes.

27.     On information and belief, Defendant LTA has infringed and continues to infringe the '556 Patent by making, using, selling, and offering to sell Infringing Products in the United States that embody or use the inventions claimed in the '556 Patent.  As set forth in the claim chart attached as **Exhibit E**, the demonstrative YouTube video referenced on Defendant LTA's website shows at least one Infringing Product.

28.     On information and belief, Defendant LTA has infringed and continues to infringe the '735 Patent by making, using, selling, and offering to sell Infringing Products in the United States that embody or use the inventions claimed in the '735 Patent.  As set forth in the claim chart attached as **Exhibit F**, the demonstrative YouTube video referenced on Defendant LTA's website shows at least one Infringing Product.

29.     Counsel for Mattco sent a letter to Defendant LTA on December 17, 2024, offering to resolve this matter, but Defendant LTA refused.

30.     Defendant LTA's willful patent infringement continues to this day.

## COUNT I – INFRINGEMENT OF THE '988 PATENT

31.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.     On information and belief, Defendant LTA has committed and is continuing to commit direct acts of infringement of the '988 Patent under 35 U.S.C. § 271(a) by performing Infringing Processes that practice each step of methods for changing out a finger on a poultry defeathering apparatus as claimed in the '988 Patent.

33.     On information and belief, Defendant LTA has induced and is continuing to induce others to infringe the '988 Patent under 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant LTA's partners, clients, customers, and end users, whose practice of Infringing Processes constitutes direct infringement of the '988 Patent.

34.     On information and belief, Defendant LTA is liable as a contributory infringer of the '988 Patent under 35 U.S.C. § 271(c) by offering to sell and selling poultry defeathering apparatuses specially made or adapted for use in the practice of Infringing Processes that practice each step of methods for changing out a finger on a poultry defeathering apparatus as claimed in the '988 Patent.  The Infringing Products offered for sale and sold by Defendant LTA are a material component for use in practicing methods claimed in the '988 Patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

35.     Plaintiff has been damaged as a direct result of the infringement of the '988 Patent.

36.     Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

37.     Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant LTA's infringement of the '988 Patent.  Plaintiff is entitled to in no event less than a reasonable royalty for the infringement and use made of the '988 Patent by Defendant LTA, together with interest and costs.

38.     On information and belief, Defendant LTA's past and continuing infringement of the '988 Patent has been and continues to be deliberate and willful.

39.     Defendant LTA's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

40.     Moreover, this is an exceptional case that entitles Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '556 PATENT

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     On information and belief, Defendant LTA has committed and is continuing to commit direct acts of infringement of the '556 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell Infringing Products.

43.     On information and belief, Defendant LTA has induced and is continuing to induce others to infringe the '556 Patent under 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant LTA's partners, clients, customers, and end users, whose use of Infringing Products constitutes direct infringement of the '556 Patent.

44.     On information and belief, Defendant LTA is liable as a contributory infringer of the '556 Patent under 35 U.S.C. § 271(c) by offering to sell and selling poultry defeathering apparatuses specially made or adapted for use in infringement of the '556 Patent.  The Infringing Products offered for sale and sold by Defendant LTA constitute a material part of the apparatuses claimed in the '556 Patent, are specifically made, and are not a staple article of commerce suitable for substantial non-infringing use.

45.     Plaintiff has been damaged as a direct result of the infringement of the '556 Patent.

46.     Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

47.     Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant LTA's infringement of the '556 Patent.  Plaintiff is entitled to in no event less than a reasonable royalty for the infringement and use made of the '556 Patent by Defendant LTA, together with interest and costs.

48.     On information and belief, Defendant LTA's past and continuing infringement of the '556 Patent has been and continues to be deliberate and willful.

49.     Defendant LTA's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

50.     Moreover, this is an exceptional case that entitles Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '735 PATENT

51.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52.     On information and belief, Defendant LTA has committed and is continuing to commit direct acts of infringement of the '735 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell Infringing Products.

53.     On information and belief, Defendant LTA has induced and is continuing to induce others to infringe the '735 Patent under 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant

LTA's partners, clients, customers, and end users, whose use of Infringing Products constitutes direct infringement of the '735 Patent.

54.    On information and belief, Defendant LTA is liable as a contributor infringer of the '735 Patent under 35 U.S.C. § 271(c) by offering to sell and selling poultry defeathering apparatuses specially made or adapted for use in infringement of the '735 Patent.  The Infringing Products offered for sale and sold by Defendant LTA constitute a material part of the apparatuses claimed in the '735 Patent, are specifically made, and are not a staple article of commerce suitable for substantial non-infringing use.

55.    Plaintiff has been damaged as a direct result of the infringement of the '735 Patent.

56.    Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

57.    Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant LTA's infringement of the '735 Patent.  Plaintiff is entitled to in no event less than a reasonable royalty for the infringement and use made of the '735 Patent by Defendant LTA, together with interest and costs.

58.    On information and belief, Defendant LTA's past and continuing infringement of the '735 Patent has been and continues to be deliberate and willful.

59.    Defendant LTA's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

60.    Moreover, this is an exceptional case that entitles Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter the following:

A.    A judgment that Defendant has infringed the '988 Patent;

B.      A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '988 Patent, or otherwise directly or indirectly committing further acts of infringement of the '988 Patent;

C.      A judgment that Defendant has infringed the '556 Patent;

D.      A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '556 Patent, or otherwise directly or indirectly committing further acts of infringement of the '556 Patent;

E.      A judgment that each Defendant has infringed the '735 Patent;

F.      A judgment and order permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '735 Patent, or otherwise directly or indirectly committing further acts of infringement of the '735 Patent;

G.      A judgment and order requiring Defendant to pay damages to Plaintiff adequate to compensate it for its wrongful infringing acts in accordance with 35 U.S.C. § 284;

H.      A judgment and order requiring Defendant to pay increased damages up to three times, in view of its willful and deliberate infringement of the '988, '556 and '735 patents;

I.      A finding in favor of Plaintiff that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiff its costs, including reasonable attorney's fees and other expenses incurred in connection with this action;

J.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

K.      A judgment and order of temporary and permanent injunction to prevent or restrain Defendant from infringement of the '988 Patent;

L.      A judgment and order of temporary and permanent injunction to prevent or restrain Defendant from infringement of the '556 Patent;

M.      A judgment and order of temporary and permanent injunction to prevent or restrain Defendant from infringement of the '735 Patent;

N.      A judgment and order impounding and destruction of all Infringing Products; and

O.      A judgment that Plaintiff be awarded such other and further relief as the Court deems just and appropriate.

## **<u>REQUEST FOR JURY TRIAL</u>**

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

Dated: April 23, 2025                                PIERSON FERDINAND LLP

                                                    /s/ Carl D. Neff
                                                    Carl D. Neff (No. 4895)
                                                    Maura L. Burke (No. 5313)
                                                    Pierson Ferdinand LLP
                                                    CSC Station
                                                    112 S. French Street
                                                    Wilmington, DE 19801
                                                    Telephone: 302.482.4244
                                                    Email: carl.neff@pierferd.com
                                                           maura.burke@pierferd.com

Of Counsel:                                         Attorneys for Plaintiff
                                                    Mattco Industrial Products, LLC

Christopher R. Kinkade
PIERSON FERDINAND LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Telephone: (609) 415-0101
Email: christopher.kinkade@pierferd.com

John T. Gutkoski
PIERSON FERDINAND LLP
101 Federal Street, Suite 1900
Boston, MA 02110
Telephone: (978) 775-2681
Email: john.gutkoski@pierferd.com

James J. Kernell
AVEK IP, LLC
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Telephone: 913-549-4700
Email: JKernell@avekip.com